DOWNEY BRAND LLP
SALLIE B. ARMSTRONG (Bar No. 1243)
MICHELLE KAZMAR (Bar No. 10098)
427 West Plumb Lane
Reno, NV 89509
Telephone: (775) 329-5900
Facsimile: (775) 786-5443

Attorneys for Debtors
Western Dairy Specialties, LLC and
Nevada Resource Dynamics, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| In re:<br><br>WESTERN DAIRY SPECIALTIES, LLC<br><br>Debtor, | Case No. BK-N-10-50307-gwz<br><br>Chapter Number: 11 |
|---|---|
| In re:<br><br>NEVADA RESOURCE DYNAMICS, LLC,<br><br>Debtor. | Case No. BK-N-10-50308-GWZ<br><br>Chapter Number: 11<br><br>**MOTION FOR JOINT ADMINISTRATION**<br><br>Hearing Date: June 22, 2010<br>Hearing Time: 10:00 a.m. |

Western Dairy Specialties, LLC ("Western Dairy") and Nevada Resource Dynamics, LLC ("NRD" and, collectively with Western Dairy, "Debtors"), debtors in possession in the above-captioned Chapter 11 cases, hereby move this Court for an order authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. This Motion for Joint Administration ("Motion") is made and based upon the Points and Authorities set forth below, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015(b) of the Local Rules of Bankruptcy Procedure for the District of Nevada, the pleadings and papers on file in both cases, and such other matters as may be presented at the hearing hereon.

///

## POINTS AND AUTHORITIES

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Both Western Dairy and NRD filed their bankruptcy petitions on or about February 3, 2010. The same individuals serve as managing members for both Western Dairy and NRD.[1] *See Consent Resolution of the Members of Western Dairy Specialists, LLC, Pursuant to LR 1002(b)*, case number 10-50307, docket #6; *Consent Resolution of the Members of Nevada Resource Dynamics, LLC, Pursuant to LR 1002(b)*, case number 10-50308, docket #6. No trustee has been appointed, and the Debtors are currently operating as debtors in possession.

Western Dairy operates a fluid milk processing and bottling facility, which is located at 103 McCleod, Yerington, Nevada 89447. The real property on which the processing and bottling facility is located is NRD's only real property asset; it is also NRD's primary asset in the bankruptcy estate, excluding litigation claims and other lesser personal property claims. *Summary of Schedules*, case number 10-50308, docket #18. Western Dairy does not hold any real property assets; however, it owns all of the personal property assets associated with the facility. *Summary of Schedules*, case number 10-50307, docket #21.

Western Dairy has the capacity to process roughly 800,000 plus gallons of milk per week in what is considered a state of the art processing facility (the "Western Dairy Business"). Although the Western Dairy Business is not currently operating, the Debtors believe that the fair market value of the business will be significantly compromised and negatively impacted if the Debtors were forced to liquidate immediately. The Debtors also believe that a maintenance of the business in its present state and the sale as an entirety of the Western Dairy Business and NRD's real property asset will generate the highest and best price and is in the best interest of the creditors of the Estates. Thus, it is believed that the most effective way to administer the

---

[1] The managing members of both Debtors are as follows: Roger F. Ligtenberg, Manager Clear View Ranch LLC; Matthew P. Berry, Trustee the Matthew & Yvette Berry Family Trust; Thomas R. Reviglio, Trustee the Thomas R. Reviglio Family Trust; and Michael N. Compston, President Norma D. Brown Corp. *See Consent Resolution of the Members of Western Dairy Specialists, LLC, Pursuant to LR 1002(b)*, case number 10-50307, docket #6; *Consent Resolution of the Members of Nevada Resource Dynamics, LLC, Pursuant to LR 1002(b)*, case number 10-50308, docket #6.

bankruptcy estates of the Debtors is to administer NRD's real property jointly with Western Dairy's personal property located thereon.

## II.
## LEGAL ARGUMENT

A.  **Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and the Local Rules.

B.  **Joint Administration of These Cases Is Proper**

"Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates." *In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998). Bankruptcy Rule 1015(b) authorizes joint administration of cases involving related debtors. Local Rule 1015(b)(5) provides that cases are deemed to be related within the meaning of the rule if "[t]he debtors have the same partners or substantially the same shareholders." Additionally, "[p]rior to entering an order [for joint administration] the court shall give consideration to protecting creditors of different estates against potential conflicts of interest." FRBP 1015(b).

As noted above, both Western Dairy and NRD have the same managing members. Additionally, the majority of Western Dairy's assets are located on NRD's real property. Thus, joint administration of the above-captioned related chapter 11 cases is warranted. *See* LR 1015(b)(5).

Joint administration of these cases will not create a conflict of interest, as each estate has filed separate accounts of each debtor's assets and liabilities for each respective estate. *See Summary of Schedules*, case number 10-50308, docket #18; *Summary of Schedules*, case number 10-50307, docket #21. Joint administration will result in expediting the cases and rendering the process less costly, a benefit to both the Debtors and their creditors. *See In re McKenzie Energy Corp.*, 228 B.R. at 874 (concluding that joint administration saved costs and any potential conflict of interest was only speculative). There is no prejudice to creditors, as the cases will be jointly

administered for procedural purposes only. Thus, joint administration will not affect the substantive rights of the creditors. *See id.*

Joint administration will permit the Clerk to use a single general docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration will also protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in both of these cases.

### III. CONCLUSION

Based on the above and foregoing, the rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will also be simplified.

Accordingly, the Debtors respectfully request that the Court enter an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only. The Debtors respectfully request that the order be in substantially the form attached hereto as Exhibit A: (a) authorizing the joint administration of the Debtors' cases; and (b) granting such other and further relief is proper.

The Debtors also request that the caption of their chapter 11 cases be modified to reflect the joint administration of these chapter 11 cases substantially as follows:

///

///

///

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| In re: | Chapter 11 |
|---|---|
| WESTERN DAIRY SPECIALTIES, LLC, et al.[2] | **Jointly Administered under Case No. 10-50307-GWZ** |
| ☐ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects Nevada Resource Dynamics, LLC | Case Nos:<br><br>10-50307-GWZ<br>10-50308-GWZ<br>Jointly Administered |

In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors to reflect the joint administration of these cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases numbered 10-50307 and 10-50308. The docket in case no. 10-50307 should be consulted for all matters affecting this case.

The Debtors also request that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

DATED: May 25, 2010

DOWNEY BRAND LLP

By: *[signature]*
SALLIE B. ARMSTRONG
Attorney for Debtors
Western Dairy Specialties, LLC and
Nevada Resource Dynamics, LLC

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are as follows: Western Dairy Specialties, LLC (6482) and Nevada Resource Dynamics, LLC (5750).

1075611.2

5